# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY HALL, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Case No. CIV-19-0093-F ) |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,[1] | ) ) ) |
| Defendant. | ) |

## ORDER

Pursuant to sentence four of 42 U.S.C. § 405(g), the court, on December 4, 2019, issued an order (doc. no. 22) and judgment (doc. no. 23) reversing and remanding this case for further proceedings before the Commissioner. The appeal period has run, and no appeal has been filed.[2]

Currently before the court is plaintiff's motion for attorney fees (doc. no. 24) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion seeks fees in the amount of $6,200.60 for all legal work performed in this case. Plaintiff submits documentation which supports the requested fee award.

The Commissioner has not objected to the specific amount of the fee if a fee is to be awarded under the EAJA, but the Commissioner objects to the motion on the ground that his position was substantially justified. Doc. no. 26.

"Under the EAJA, the government bears the burden of showing that its position was substantially justified." Estate of Smith v. O'Halloran, 930 F.2d 1496,

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party.

[2] In sentence four cases, the period for filing a motion seeking fees begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991), citing 28 U.S.C. §2412(d)(2)(G).

1501 (10th Cir. 1991); Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007) ("Commissioner had the burden of proof to show that her position was substantially justified"). To carry its burden, "the government must prove that its case had a reasonable basis in law and in fact. The term 'substantially justified' has been defined as 'justified . . . to a degree that could satisfy a reasonable person.'" Estate of Smith, 930 F.2d at 1501 (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)) (citation omitted); Hackett, 475 F.3d at 1172. Courts "consider the reasonableness of the position the [Commissioner] took both in the administrative proceedings and in the civil action Plaintiff commenced to obtain benefits." Gutierrez v. Sullivan, 953 F.2d 579, 585 (10th Cir. 1992); Hackett, 475 F.3d at 1172. The Commissioner's position may be substantially justified even if it was not correct. Pierce v. Underwood, 487 U.S. 552, 566 at n.2 (1988).

After careful review, the court concludes the Commissioner has not carried his burden to show that his position was substantially justified.

Accordingly, plaintiff's motion is **GRANTED**. Plaintiff is **AWARDED** attorney fees under the EAJA in the amount of $6,200.60, payable to plaintiff in care of his counsel. If plaintiff's counsel also receives attorney fees under 42 U.S.C. §406(b) of the Social Security Act, then plaintiff's counsel shall refund the smaller award to plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10 Cir. 1986).

IT IS SO ORDERED this 14th day of February, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

19-0093p004.docx